# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **HENGWEI ZHANG,** | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| **v.** | § | |
| | § | |
| **WARDEN, EL PASO PROCESSING** | § | |
| **CENTER; MARY DE ANDA-YBARRA,** | § | |
| **IN HER OFFICIAL CAPACITY AS** | § | |
| **FIELD OFFICE DIRECTOR OF THE** | § | |
| **IMMIGRATION AND CUSTOMS** | § | **No. 3:26-CV-01409-LS** |
| **ENFORCEMENT, ENFORCEMENT** | § | |
| **AND REMOVAL OPERATIONS EL** | § | |
| **PASO FIELD OFFICE; STEPHANIE** | § | |
| **RICO, IN HER OFFICIAL CAPACITY** | § | |
| **AS CIVIL PROCESS CLERK OF THE** | § | |
| **OFFICE OF THE UNITES STATES** | § | |
| **ATTORNEY; MARKWAYNE** | § | |
| **MULLIN, IN HIS OFFICIAL** | § | |
| **CAPACITY AS SECRETARY OF THE** | § | |
| **DEPARTMENT OF HOMELAND** | § | |
| **SECURITY; AND TODD BLANCHE,** | § | |
| **IN HIS OFFICIAL CAPACITY AS** | § | |
| **ATTORNEY GENERAL OF THE** | § | |
| **UNITED STATES,** | § | |
| | § | |
| *Respondents*. | § | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Hengwei Zhang seeks a writ of habeas corpus challenging his immigration detention.[1] As Petitioner already received a bond hearing, the Court denies the petition.

8 U.S.C. § 1226(a) allows, but does not require, the Attorney General to release an alien on bond.[2] An alien may appeal an initial custody determination to an immigration judge, who is

---

[1] ECF No. 1.
[2] 8 U.S.C. § 1226(a)(2)(A).

authorized "to detain the alien in custody, release the alien, and determine the amount of bond, if any, under which the respondent may be released."[3] The alien may appeal the immigration judge's decision to the Board of Immigration Appeals.[4] In this case, the immigration judge found that Petitioner was a flight risk and denied bond.[5] This Court does not have authority to "set aside any action or decision by the Attorney General . . . regarding the detention of any alien or the revocation or denial of bond or parole."[6] Additionally, the Court cannot review "any . . . decision or action of the Attorney General . . . the authority for which is specified . . . to be in the discretion of the Attorney General."[7] Therefore, the Court does not have the authority to review or set aside the decision to deny bond to Petitioner. Because Petitioner is not entitled to release, his petition is **DISMISSED** without prejudice. The Clerk shall close the case.

> **SO ORDERED**.

> **SIGNED** and **ENTERED** on August 12, 2026.

_____
**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[3] 8 C.F.R. § 1236.1(d)(1).
[4] *Id.* § 1003.19(f).
[5] ECF No. 6-1 at 1.
[6] 8 U.S.C. § 1226(e).
[7] 8 U.S.C. § 1252(a)(2)(B)(ii).